Filed 6/26/20; Modified and certified for pub. 7/21/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ERNEST H. MORENO,<br><br>   Plaintiff and Appellant,<br><br>  v.<br><br>CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM,<br><br>   Defendant and Respondent. | C089558<br><br>(Super. Ct. No. 34-2018-80002822-CUWMGDS) |

   The California State Teachers' Retirement System (CalSTRS) determined that Ernest H. Moreno's retirement benefits had been incorrectly calculated and initiated action to adjust Moreno's retirement benefits and collect the overpayment. The trial court denied Moreno's petition for writ of administrative mandamus challenging the CalSTRS actions, and Moreno appeals.

1

Moreno contends (1) CalSTRS's adjustment of his retirement benefits and collection of the overpayment are barred by the statute of limitations found in Education Code section 22008, subdivision (c)[1] because CalSTRS was on inquiry notice of the problem as early as 2008, and (2) CalSTRS must be equitably estopped from adjusting his retirement benefits and collecting the overpayments. We conclude (1) CalSTRS was not on inquiry notice of the reporting error that led to overpayment until December 2014 when it began an audit of Moreno's retirement benefits, and, therefore, CalSTRS's adjustments to Moreno's retirement benefits and collection of overpayments were not barred by the statute of limitations; and (2) CalSTRS is not equitably estopped because CalSTRS was not apprised of (or on notice about) the overpayments until December 2014.

Accordingly, we will affirm the judgment.

BACKGROUND

The parties do not dispute what happened, but instead disagree about the inferences to be drawn and the legal effect of the undisputed facts. Our summary of the background is derived mainly from the trial court's recitation of the facts.

Moreno served as president of East Los Angeles College in the Los Angeles Community College District (District). In 2006, he entered into a contract with the District to be the interim president of Los Angeles Mission College for the 2006-2007 school year. The contract entitled Moreno to a one-time $25,000 payment for the additional work and allowed Moreno to elect when to receive the payment. The District renewed the contract with Moreno for the 2007-2008 school year, and he chose to take both one-time payments, totaling $50,000, during the 2007-2008 school year.

---

[1] Undesignated statutory references are to the Education Code.

2

In September 2008, Moreno met with Jennifer Helfend, a benefits counselor employed by the District but trained by CalSTRS, to discuss retirement. Helfend told Moreno that his projected final, one-year compensation reported to CalSTRS by the District for the 2007-2008 school year was $196,962. Moreno disputed that figure, telling Helfend that it should be $50,000 higher. Helfend contacted CalSTRS and was told that the CalSTRS system showed only $196,962 for that year. Helfend did not have any information on how Moreno's compensation was calculated and was not trained on how to analyze the accuracy of the CalSTRS data. Helfend told Moreno to contact the District to correct any reporting error. She noted on Moreno's file: "Major reporting errors. Member to speak w/ district. And will return for rest of retirement appointment." Helfend meant that she advised Moreno to talk to the District about any reporting errors.

Moreno spoke to the District and later met again with Helfend in February 2009. Helfend checked the CalSTRS system and found that Moreno's one-year compensation was increased to $246,962. Moreno met with CalSTRS benefits counselor Ed Brostoff in 2010 and 2011, and they reviewed a benefit counseling preparation sheet showing Moreno's one-year compensation as $246,962. Brostoff made a handwritten note on Moreno's benefit counseling preparation sheet that appears to state: "Does have exception salary ok." Moreno retired in August 2011.

In 2012, CalSTRS's Compensation Review Unit received a report from its Information Technology Services Unit containing the names of retired members with high salaries, high increases in salary, or high special compensation. These reports are generated annually and contain about 10,000 names. The Compensation Review Unit does not audit all retired members on the list.

In December 2014, the Compensation Review Unit selected Moreno for audit. The process began with CalSTRS's request for documentation, including contracts, from the District to determine whether the District correctly reported Moreno's compensation level. While CalSTRS was reviewing the documentation on Moreno's compensation

3

level, it received an anonymous tip that Moreno's compensation had been "spiked." Based on the Compensation Review Unit's review of Moreno's compensation level, CalSTRS determined that the additional $50,000 Moreno received had been incorrectly reported and credited to his defined benefits account instead of his defined benefits supplement account, resulting in an inflated compensation report.

CalSTRS notified Moreno of the discrepancy and necessary adjustments in February 2015. Moreno appealed CalSTRS's decision, and an administrative law judge denied the appeal, directing CalSTRS to correct Moreno's retirement benefit and collect the overpayment. CalSTRS adopted the administrative law judge's decision in November 2017.

Moreno filed a petition for writ of administrative mandamus in the trial court (Code Civ. Proc., § 1094.5), asserting that CalSTRS's correction of Moreno's retirement benefit and collection of overpayment were barred by the statute of limitations in section 22008, subdivision (c) and equitably estopped. Moreno did not challenge the accuracy of CalSTRS's determinations. The trial court denied Moreno's petition, finding that CalSTRS was not on inquiry notice of the reporting error until the Compensation Review Unit's audit in December 2014.

STANDARD OF REVIEW

In reviewing a CalSTRS administrative decision to seek repayment, the trial court must afford a strong presumption of correctness to the administrative findings, and the party challenging the administrative decision bears the burden of convincing the court that the administrative findings are contrary to the weight of the evidence. We review the trial court's determinations for substantial evidence, but we are not bound by legal interpretations made by the administrative agency or the trial court; rather, we independently review questions of law. (*Yuba City Unified School Dist. v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 648, 654 (*Yuba City Unified*).)

4

DISCUSSION

I

Moreno contends the CalSTRS adjustment of his retirement benefits and collection of the overpayment are barred by the statute of limitations found in section 22008, subdivision (c). He argues CalSTRS was on inquiry notice of the reporting error when Moreno met with Helfend in 2008 and told her his compensation was higher or, in the alternative, when Moreno's name appeared on the list generated by the CalSTRS Information Technology Services Unit in 2012.

Section 22008 establishes a three-year limitations period in connection with "payments into or out of the retirement fund for adjustments of errors or omissions with respect to the Defined Benefit Program or the Defined Benefit Supplement Program . . . ." (§ 22008, subds. (a)-(c).) "If an incorrect payment is made due to lack of information or inaccurate information regarding the eligibility of a member . . . , the period of limitation shall commence with the discovery of the incorrect payment." (§ 22008, subd. (c).) Section 22008's three-year limitations period is triggered by inquiry notice of an incorrect payment. (*Yuba City Unified, supra*, 18 Cal.App.5th at p. 656.) " 'Every person who has actual notice of circumstances sufficient to put a prudent [person] upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he [or she] might have learned such fact.' (Civ. Code, § 19; [citations].)" (*Id*. at pp. 657-658.)

The trial court rejected Moreno's inquiry-notice argument, stating: "While [Helfend] *may* have been on notice that the District adjusted its reporting of [Moreno's] salary, the Court finds this did not place CalSTRS on inquiry notice that the number being reported by the District in 2009 was incorrect. The same is true of the 2010 and 2011 meetings with a separate CalSTRS employee. [Moreno] has not identified any discussion during those meetings that would put [CalSTRS] on inquiry notice that there

5

was anything questionable about the District's reporting of [Moreno's] compensation." (Italics in original.) We agree.

Moreno argues CalSTRS knew there were problems with the calculation of his compensation as early as 2008, when Moreno met with Helfend and thus CalSTRS received information that there was a $50,000 discrepancy in the District's reporting of Moreno's one-year compensation. He claims there was a principal-agent relationship between CalSTRS and the benefits counselors such that information known to the benefits counselors was known by CalSTRS. We need not decide whether there was a principal-agent relationship because, even if there was, CalSTRS was not on inquiry notice based on what the benefits counselors knew. Moreno fails to establish that the information known to the benefits counselors put CalSTRS on inquiry notice of the overpayments to Moreno. That there was a discrepancy between the lower salary amount the District had reported to CalSTRS and the higher amount Moreno believed was correct did not put CalSTRS on notice that the District's reporting was incorrect. The District had the duty to report correctly to CalSTRS, and CalSTRS was entitled to rely on that reporting to determine Moreno's retirement benefit. (§ 22456.)

Moreno adds that CalSTRS has a fiduciary duty to its members, and it failed in that duty by not investigating the salary discrepancy in 2008. We agree CalSTRS has statutory duties to its members (§ 22250), but Moreno has nevertheless failed to establish inquiry notice. In 2008, CalSTRS did not have " 'actual notice of circumstances sufficient to put a prudent [person] upon inquiry as to a particular fact.' " (*Yuba City Unified, supra*, 18 Cal.App.5th at pp. 657-658.)

Moreno also claims CalSTRS was on inquiry notice when Moreno's name appeared on the list generated by the CalSTRS Information Technology Services Unit in 2012. But there is no evidence Moreno appeared on the list for any reason other than being a high-salary earner. Although a person could be added to the list based on an anonymous tip, as counsel for Moreno argued in the trial court, there is no evidence of an

6

anonymous tip about Moreno until after the Compensation Review Unit had begun its audit in December 2014. CalSTRS completed the audit and notified Moreno about the overpayments in 2015, within the three-year limitations period.

Finally, Moreno asserts CalSTRS is solely responsible for the alleged overpayments. But the record does not support his assertion. According to the record, the District revised its compensation report based on urging by Moreno and reported the incorrect increased compensation to CalSTRS.

We conclude the evidence supports the trial court's determination that CalSTRS was not on inquiry notice of the overpayments to Moreno before December 2014.

II

Moreno further contends CalSTRS must be equitably estopped from adjusting his retirement benefits and collecting the overpayments.

" 'The doctrine of equitable estoppel is founded on notions of equity and fair dealing and provides that a person may not deny the existence of a state of facts if that person has intentionally led others to believe a particular circumstance to be true and to rely upon such belief to their detriment. . . . " 'Generally speaking, four elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) [the party] must intend that his [or her] conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) [the other party] must rely upon the conduct to his [or her] injury.' " ' " (*Krolikowski v. San Diego City Employees' Retirement System* (2018) 24 Cal.App.5th 537, 564-565.)

In this case, Moreno's attempt to invoke equitable estoppel fails on the first element because CalSTRS was not apprised that Moreno's retirement benefits were incorrectly calculated until at least December 2014 when CalSTRS audited Moreno's retirement benefits. As Moreno recognizes, equitable estoppel does not apply here unless CalSTRS was on notice before December 2014.

7

Therefore, CalSTRS was not equitably estopped from adjusting Moreno's retirement benefits and collecting the overpayment.

DISPOSITION

The judgment is affirmed.  CalSTRS is awarded its costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

        /S/
        MAURO, J.

We concur:

  /S/
ROBIE, Acting P. J.

  /S/
HOCH, J.

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ERNEST H. MORENO,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM,<br><br>    Defendant and Respondent. | C089558<br><br>(Super. Ct. No. 34-2018-80002822-CUWMGDS)<br><br><br>ORDER MODIFYING OPINION AND GRANTING REQUEST TO PUBLISH<br><br>[NO CHANGE IN JUDGMENT] |

APPEAL from a judgment of the Superior Court of Sacramento County, Richard K. Sueyoshi, Judge. Affirmed.

Bennett, Sharpe & Bennett and Ann M. Bennett for Plaintiff and Appellant.

Pillsbury Winthrop Shaw Pittman, Dianne L. Sweeney and Ryan Selness for Defendant and Respondent.

THE COURT:

The opinion in the above-entitled matter filed on June 26, 2020, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

1

It is also ordered that the opinion filed in this case on June 26, 2020, be modified as follows:

At page 2, remove the first two paragraphs, including the footnote, and replace with the following paragraphs, including the footnote:

"Moreno contends the CalSTRS adjustment of his retirement benefits and its collection of the overpayment are barred by the statute of limitations found in Education Code section 22008, subdivision (c),[1] because CalSTRS was on inquiry notice of the problem as early as 2008.  He also claims CalSTRS is equitably estopped from adjusting his retirement benefits and collecting the overpayments.

"Because CalSTRS was entitled to rely on the income reporting it received from Moreno's employer, and had no reason to suspect a problem until it began its audit in December 2014, CalSTRS was not on inquiry notice until the audit began and, therefore, the CalSTRS adjustments to Moreno's retirement benefits and its collection of overpayments were not barred by the statute of limitations.  In addition, CalSTRS is not equitably estopped because it was not on inquiry notice until December 2014.

"We will affirm the judgment.

1  Undesignated statutory references are to the Education Code."

This modification does not change the judgment.

FOR THE COURT:


    /S/
ROBIE, Acting P. J.


    /S/
MAURO, J.


    /S/
HOCH, J.

2